UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RONALD JACKSON,**

        **Plaintiff,**

**-vs-**                                            **Case No. 6:07-cv-779-Orl-19JGG**

**METROPOLITAN PROPERTY
AND CASUALTY INSURANCE
COMPANY,**

        **Defendant.**

_____

# ORDER

This case comes before the Court on the following:

1. Plaintiff Ronald Jackson's Motion To Remand And Memorandum Of Law In Support Thereof (Doc. No. 9, filed May 16, 2007); and

2. Defendant Metropolitan Property and Casualty Insurance Company's Memorandum Of Law In Response And Opposition To Plaintiff's Motion To Remand (Doc. No. 28, filed June 18, 2007).

## Background

Plaintiff Ronald Jackson brought this breach of insurance contract lawsuit in state court on March 20, 2007. (Doc. No. 2, filed Mar. 20, 2007.) On May 8, 2007, Defendant Metropolitan Property and Casualty Insurance Company removed the case to this Court on the basis of diversity jurisdiction. (Doc. No. 1, filed May 8, 2007.) Plaintiff then moved to remand the case back to state court, alleging that the Court lacks diversity jurisdiction under Title 28 U.S.C. § 1332 (2006) because the amount in controversy does not exceed $75,000. (Doc. No. 9, filed May 16, 2007.)

Defendant opposed this Motion, arguing that the amount in controversy requirement for diversity jurisdiction was satisfied by the allegations of the Complaint or alternatively by the Plaintiff's offer to settle the dispute on a "global" basis for $158,452.66.  (Doc. No. 28, filed June 18, 2007.)  Both parties appeared to agree as to diversity of citizenship but disagree as to whether the amount in controversy exceeds $75,000.  (Doc. Nos. 9, 28.)  The Court held an evidentiary hearing on October 9, 2007 to determine the amount in controversy.

**Applicable Standards**

Removal jurisdiction exists only where this Court would have had original jurisdiction over the action.  *E.g.*, *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 592 (2004).  As removal in this case is based on federal diversity jurisdiction, Defendant must make "an affirmative showing. . . of all requisite factors of diversity jurisdiction, including amounts in controversy, at the time removal is attempted." *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 255 (5th Cir. 1961).  When deciding whether the amount in controversy requirement has been met, the Court first considers whether the amount in controversy can be determined from the face of the Complaint. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).  If it cannot, the Court considers the allegations of the notice of removal and any summary judgment type evidence offered by the parties.  *Id.*  The defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement.  *E.g.*, *Leonard v. Enter. Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002).  All uncertainties concerning removal jurisdiction are to be resolved in favor of remand.  *E.g.*, *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

**Analysis**

### I. Motion for a Continuance

During the hearing on October 9, 2007, and after all parties and the Court had assembled for the presentation of evidence, Defendant's counsel moved for the first time for a continuance. Defendant did not file this Motion in writing, nor had Defendant previously alerted this Court to its need for a continuance. Further, Defendant's Counsel claimed that a continuance was needed to obtain evidence Defendant was seeking through a pending motion to compel discovery. The only such motion on record is Plaintiff's Motion To Compel Amended Initial Disclosures. (Doc. No. 41, filed Oct. 3, 2007.) Defendant has filed no motion to compel with this Court. Given the untimeliness of Defendant's Motion and the lack of any underlying pending motion to compel to support it, the Court must deny Defendant's Motion for a continuance.

### II. Motion for Remand

Defendant offered no evidence during the hearing despite this Court's prior notice that the hearing was "[t]o provide the litigants an opportunity to present further evidence of the amount in controversy in this lawsuit . . . ." (Doc. No. 34 at p. 5, filed Aug. 7, 2007.) During the hearing, Plaintiff offered evidence through the testimony of his counsel, Matthew R. Danahy, that he was claiming the following amounts in damages: (1) the remainder owed for structural damage to the building in the amount of $47,315.28; (2) refrigerator damage in the amount of $600; and (3) costs of $592.61. Both parties agreed that the sum of these amounts was $48,507.89. This Court calculated the contingency fee as one-third of this total, which would be approximately $16,169.29. Adding the two produces the total sum of $64,677.18.

To establish removal jurisdiction based on diversity, it is the Defendant's burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *E.g.*, *Leonard*, 279 F.3d at 972. Any uncertainties concerning removal jurisdiction are to be resolved in favor of remand. *E.g.*, *Russell Corp.*, 264 F.3d at 1050. The evidence presented at the hearing established Plaintiff's claim for damages was no more than $64,677.18 at the time the motion to remand was filed. This does not exceed $75,000 as is required by Title 28 U.S.C. § 1332 to establish diversity jurisdiction. Therefore, Plaintiff's Motion for remand must be granted.

### III.     Motion for Costs

Plaintiff has also moved this Court to grant him attorneys' fees and costs in conjunction with filing his Motion for remand under Title 28 U.S.C. § 1447(c) (2006). (Doc. No. 9 at p. 3, ¶ 10.) This statute grants district courts the discretionary authority to "require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

This Court declines to exercise its discretion to award costs to Plaintiff. Defendant offered evidence of the value of the insured property, the amount Plaintiff offered to settle the matter on a "global" basis, Plaintiff's failure to stipulate damages were less than $75,000, and the availability under the statute of attorneys' fees to support its claim that the amount in controversy likely exceeded $75,000. (Doc. No. 28 at pp. 7-9, 11, 19-20.) Defendant's arguments were not without basis in the law, and the Court finds that Defendant removed the case in good faith. Therefore, the Court denies Plaintiff's Motion for attorney's fees and costs.


**Conclusion**

Based on the foregoing, the Court **DENIES** Defendant's Motion for a continuance, **GRANTS** Plaintiff's Motion for remand (Doc. No. 9), and **DENIES** Plaintiff's Motion for attorney's fees and costs.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on October 9, 2007.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:
Counsel of Record