UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RONALD JACKSON,**

      **Plaintiff,**

-vs-                                                    Case No.  6:07-cv-779-Orl-19UAM

**METROPOLITAN PROPERTY AND**
**CASUALTY INSURANCE COMPANY,**

      **Defendant.**

_____

## ORDER

This case comes before the Court on the following:

1. Plaintiff Ronald Jackson's (Second) Motion To Remand And Memorandum Of Law In Support Thereof (Doc. No. 48, filed Dec. 4, 2007); and

2. Defendant Metropolitan Property And Casual Insurance Company's Memorandum Of Law In Response And Opposition To Plaintiff's (Second) Motion To Remand (Doc. No. 52, filed Dec. 26, 2007).

### Background

Plaintiff Ronald Jackson brought this breach of insurance contract lawsuit in state court in March of 2007.  (Doc. No. 2.)  On May 8, 2007, Defendant Metropolitan Property and Casualty Insurance Company removed the case to this Court on the basis of diversity jurisdiction.  (Doc. No. 1.)  Plaintiff then moved to remand the case back to State Court, arguing that this Court lacked diversity jurisdiction under Title 28, Section 1332 of the United States Code because the amount in controversy did not exceed $75,000.  (Doc. No. 9.)  Defendant opposed this Motion, arguing that the amount in controversy requirement for diversity jurisdiction was satisfied by the allegations of the

Complaint or alternatively by Plaintiff's offer to settle the dispute on a "global" basis for $158,452.66. (Doc. No. 28.) The Court held an evidentiary hearing on October 9, 2007 to determine the amount in controversy at which Defendant was offered the opportunity to present evidence and declined to do so. (Doc. No. 42.) The Court found that the amount in controversy did not exceed $75,000 and thereafter granted Plaintiff's Motion to remand. (Doc. No. 43.)

On November 13, 2007, Defendant again removed the case to federal court. (Case No. 6:07-cv-1795-Orl-19UAM, Doc. No. 1.[1]) As the basis for this second removal, Defendant cites to a letter that Defense counsel received from Plaintiff's counsel on October 12, 2007 ("the October 12 letter"), allegedly seeking to settle the matter for "the payment of $47,915.28 in contractual damages and $30,000 in attorneys (sic) fees, for a total of $77,915.28." (*Id.* at p. 6, ¶ 9.) Plaintiff responds that this was not a demand letter and further that the issue of the amount of attorneys' fees potentially owed to Plaintiff is not yet ripe. (Doc. No. 48 at p. 4, ¶ 14.) Plaintiff further argues that a significant part of the attorneys' fees referred to in this letter was incurred in contesting Defendant's first removal and therefore is not a proper consideration in determining the amount in controversy. (*Id.* at p. 5, ¶ 15.) Defendant denies Plaintiff's claims and argues that the October 12 letter offers new evidence of the amount in controversy. (Doc. No. 52 at pp. 4-5.)

**Applicable Standards**

**I.     Removal Generally**

Removal jurisdiction exists only where this Court would have had original jurisdiction over

---

[1]     Case Number 6:07-cv-1795-Orl-19UAM was subsequently consolidated with Case Number 6:07-cv-779-Orl-19UAM, and the Court ordered that all pleadings filed in the consolidated case should be filed under the lower case number. (Doc. No. 45.)

the action. *E.g.*, *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 592 (2004). As removal in this case is based on federal diversity jurisdiction, Defendant must make "an affirmative showing. . . of all requisite factors of diversity jurisdiction, including amounts in controversy, at the time removal is attempted." *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 255 (5th Cir. 1961). When deciding whether the amount in controversy requirement has been met, the Court first considers whether the amount in controversy can be determined from the face of the Complaint. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). If it cannot, the Court considers the allegations of the notice of removal and any summary judgment type evidence offered by the parties. *Id.* The defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement. *E.g.*, *Leonard v. Enter. Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002). All uncertainties concerning removal jurisdiction are to be resolved in favor of remand. *E.g.*, *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

  **II.**  **Second Removal**

When a case is remanded back to state court after an improper removal, the remand becomes the law of the case. *Midlock v. Apple Vacations West, Inc.*, 406 F.3d 453, 457 (7th Cir. 2005). The decision "may be revisited only when intervening events justify that step." *Id.* (quoting *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 783 (7th Cir. 1999)). A second removal is only permissible "on grounds different than the first removal." *Id.* (quoting *Doe v. Am. Red Cross*, 14 F.3d 196, 200 (3d Cir. 1993)). In other words, "a court may not reconsider a prior remand order because of additional evidence, such as deposition testimony, which only adds evidentiary support to the previously submitted argument." *TKI, Inc. v. Nichols Research Corp.*, 191 F. Supp. 2d 1307, 1312 (M.D. Ala.

2002); *see also Harris v. Blue Cross/Blue Shield of Alabama, Inc.*, 951 F.2d 325, 330 (11th Cir. 1992) (finding that a district court generally should not review its own remand order).  Only where "subsequent pleadings or events reveal a new and different basis for removal" may a second removal be permitted.  *Nicholson v. Nat'l Accounts, Inc.*, 106 F. Supp. 2d 1269, 1271 (S.D. Ala. 2000).

**Analysis**

**I.     Motion for Remand**

Defendant bases its second removal on a letter from Plaintiff's counsel that Defense counsel received on October 12, 2007.  (Case No. 6:07-cv-1795-Orl-19UAM, Doc. No. 1 at p. 6.)  In this letter, Plaintiff's counsel states that his firm has incurred attorneys' fees "in excess of $30,000." (Case No. 6:07-cv-1795-Orl-19UAM, Doc. No. 1-3 at p. 27).  Plaintiff explains that these amounts were incurred in part in "opposing removal of the case to Federal Court and seeking remand . . . ."  (*Id.*)  In his current Motion to remand, Plaintiff states:

> As a matter of public policy, [Defendant] should not be allowed to wrongfully seek removal of [Plaintiff's] suit, force him to litigate the claim for eight months to get his case remanded, and then remove his case a second time because his attorneys incurred additional attorney's fees during the litigation caused by [Defendant's] motion practice and conduct.

(Doc. No. 48 at p. 12.)

The Court did not award Plaintiff attorneys' fees and costs for his efforts in opposing the first removal of this case to federal court.  (Doc. No. 43.)  Secondly, while Defendant asks this Court to see through Plaintiff's "nebulous mathematical phraseology" in the October 12 letter and interpret it as a demand letter (Doc. No. 52 at p. 4), the Court declines to speculate as to what Plaintiff may demand and Plaintiff's possible recovery.  In fact, the Eleventh Circuit has held that such speculation is improper.  *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1214-15 (11th Cir. 2007) ("If [the]

evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the [evidence's] failings.").

Additionally, the evidence that Defendant offers to justify its second removal serves only to add evidentiary support to a previously submitted argument.[2] *E.g.*, *TKI, Inc.*, 191 F. Supp. 2d at 1312. Defendant has not alleged a new and different basis for removal, and the Court will not review its prior Order of remand. *E.g.*, *id.* Therefore, the Court must again remand the case to State Court for further proceedings.

**II.     Motion for Costs**

Plaintiff also moves this Court for an award of reasonable attorneys' fees and costs incurred in conjunction with preparing his Second Motion for Remand. (Doc. No. 48 at p. 6.) Under Title 28, Section 1447 of the United States Code, when a case is remanded for lack of subject matter jurisdiction, a court may require "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (2006). The United States Supreme Court has explained that "the standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 144 (2005). The Court continued, "Absent unusual circumstances, courts may award fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* Judge Hodges of this District has observed, "[C]ourts that have applied the *Martin* standard seem to focus upon whether the removing party has offered a credible reason for removal, even if it turns out by subsequent events

---

[2] In any event, the Eleventh Circuit has clarified that the evidence upon which a defendant relies for removal "must contain an unambiguous statement that clearly establishes federal jurisdiction." *Lowery*, 483 F.3d at 1213 n. 63. The October 12 letter does not contain such an unambiguous statement. (*See* Case No. 6:07-cv-1795-Orl-19UAM, Doc. No. 1-3 at pp. 27-29.)

that the removing party was wrong on the facts or was wrong on the law." *Fernandez v. Pilot Travel Centers, LLC*, No. 5:07-cv-359-Oc-10GRJ, 2007 WL 3379848, at *2 (M.D. Fla. Nov. 14, 2007).

In this case, Defendant offers Plaintiff's letter as its basis for removing a second time. Even though this Court disagrees with Defendant's basis for removal, the Court does not find that Defendant "lacked an objectively reasonable basis for seeking removal." Therefore, the Court declines to exercise its discretion to award costs and attorneys' fees to Plaintiff.

### Conclusion

Based on the foregoing, Plaintiff's Second Motion to Remand is **GRANTED IN PART AND DENIED IN PART**. (Doc. No. 48.) The Court **GRANTS** Plaintiff's Motion for remand and **DENIES** Plaintiff's Motion for attorneys' fees and costs. The Clerk of the Court is directed to close the file and to send a certified copy of this Order to the State Court Clerk.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on January  3 , 2008.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:
Counsel of Record